IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**SERGIO SAUCEDO**                                                                                       **PLAINTIFF**

**V.**                                    **CASE NO. 5:23-CV-5008**

**UNITED HEALTHCARE INSURANCE COMPANY
OF THE RIVER VALLEY, as Administrator of
the New Century Counter Tops, Inc. Employees 401(k) Plan**           **DEFENDANT**

### OPINION AND ORDER

Plaintiff Sergio Saucedo's Amended Complaint requests health care benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* He also asks the Court to order Defendant United Healthcare Insurance Company of the River Valley ("United") to pay a "regulatory penalty" for failing to satisfy the mandatory plan-disclosure requirements at 29 U.S.C. § 1024(b)(4). According to that regulation, an ERISA plan administrator

> shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

*Id.*

Saucedo contends that United refused to provide him with a copy of his plan documents when he requested them in writing. As a result of United's alleged refusal, neither Saucedo nor his counsel understood how to pursue an internal administrative appeal of the decision to deny Saucedo's claim for health care benefits. Without the necessary information on how to appeal, Saucedo maintains it was impossible to exhaust his administrative remedies before filing suit.

1

"Where a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan, his claim for relief is barred." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 941 (8th Cir. 2010).

> This judicially created exhaustion requirement serves many important purposes, including giving claims administrators an opportunity to correct errors, promoting consistent treatment of claims, providing a non-adversarial dispute resolution process, decreasing the cost and time of claims resolution, assembling a fact record that will assist the court if judicial review is necessary, and minimizing the likelihood of frivolous lawsuits.

*Angevine v. Anheuser-Busch Companies Pension Plan*, 646 F.3d 1034, 1037 (8th Cir. 2011).

United argues that Saucedo's ERISA claim is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies prior to bringing suit. Saucedo admits he failed to exhaust administrative remedies. *See* Doc. 5, ¶ 34. However, he contends he had no choice but to file suit because he did not have a copy of his plan documents and therefore did not know how to file an administrative appeal. He claims he tried to obtain a copy of his plan, but Defendant ignored him. As a result, Saucedo filed the instant lawsuit because he believed that "attempting to comply with unknown administrative appellate procedures would be futile." *Id.* at ¶ 35.

United maintains that Saucedo never made a request in writing for his plan documents or for information on how to appeal. The Amended Complaint incorporates by reference certain forms that Saucedo identifies as his written requests for plan documents. *See* Doc. 5, ¶¶ 19 & 26 (referencing Doc. 3, pp. 20–21, 35–36).[1] According

---

[1] Saucedo also claims he telephoned Defendant's agents to ask for a copy of his summary plan description and was directed to file these forms. A court may order a plan administrator to pay penalties for failing to answer written requests for plan documents; but no similar penalty exists for failing to answer oral requests. *See Kerr v. Charles F.*

to United, however, the documents Saucedo identifies are simply authorizations for the release of medical information.

When deciding a motion to dismiss, the Court accepts as true a complaint's factual allegations and construes those facts in the light most favorable to the plaintiff, drawing all reasonable inferences in his favor. See *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). A court "may excuse a claimant from exhausting administrative appeals when the ERISA plan's actions or omissions deprive the claimant of information or materials necessary to prepare for administrative review or for an appeal to federal courts." *Chorosevic*, 600 F.3d at 946. But if an ERISA plan clearly requires administrative exhaustion, a plaintiff is barred from seeking relief in court until that requirement is satisfied. *Id.* at 941.[2]

The ERISA plan at issue here is embraced by the Amended Complaint. The plan provides a clear mechanism Saucedo could have utilized to appeal the denial of benefits. See Doc. 20, Article 17. The documents Saucedo relies on to prove that exhaustion was futile are similarly embraced by the Amended Complaint. See Doc. 3, pp. 20–21, 35–36. He asks the Court to excuse his failure to exhaust by explaining that he, his counsel, and/or his counsel's staff: (1) filled out a form on September 30, 2022, requesting a copy

---

*Vatterott & Co.*, 184 F.3d 938, 946–47 (8th Cir. 1999) (citing 29 U.S.C. §§ 1024(b)(4) & 1132(c)(1)(B)).

[2] The Court **DENIES** Saucedo's separate Motion (Doc. 14) requesting discovery on the issue of exhaustion. The Court has reviewed the proposed discovery requests attached to the Motion, which are requests for admission and requests for production of plan documents. The requests for admission are superfluous, as the Court has assumed as true the facts alleged in the Amended Complaint and has viewed all documents embraced by the Amended Complaint in the light most favorable to Saucedo. As for the request for production, the Court, *sua sponte*, ordered United to file under seal a copy of the benefits plan, and United complied.

of the summary plan document and (2) filled out the same form again on October 5, 2022. According to Saucedo, he never received a copy of his summary plan document from United. All he received was a letter and a copy of a document called, "Summary of Benefits and Coverage" —which does not contain appeal information. *See id.* at pp. 23–33.

The Court has examined the forms Saucedo submitted to United, and they are plainly not written requests for plan documents or appeal information. Both forms are "Authorization[s] for Release of Health Information." *See* Doc. 3, pp. 20–21, 35–36. They authorize United to release Saucedo's health information to his counsel. These documents are what Saucedo relies on to justify his decision to sue before exhausting administrative remedies. To be clear, he does not suggest he failed to appeal because he believed such appeal would have been summarily denied. United's claims administrators were not given the opportunity to reconsider Saucedo's medical claim, correct any errors in his case, or possibly come to a non-adversarial resolution of his dispute—and, thus, avoid litigation.

For all these reasons, Saucedo's ERISA claim is premature. His claim for statutory ERISA penalties is also subject to dismissal because the facts fail to plausibly show that United neglected to respond to a written request for plan documents. **IT IS THEREFORE ORDERED** that United's Motion to Dismiss (Doc. 11) is **GRANTED** and the case is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED on this \_\_19th\_\_ day of April, 2023.

/s/ Timothy L. Brooks
—————————————
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE